IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 2000-048 |
| | ) | |
| VINCENT W. CARSON III, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO MODIFY SENTENCE
## AND FOR ALTERNATIVE HOUSING

AND NOW comes the defendant, by and through his undersigned counsel, and petitions this Court for modification of his sentence and in support thereof avers the following:

1. Your Honor held a revocation hearing on August 8, 2005 at which time Your Honor found that the defendant had violated the terms of his supervised release.

2. Your Honor then revoked the term of defendant's supervised release that Your Honor imposed in this Court's Order of May 16, 2005 and committed the defendant to the custody of the United States Bureau of Prisons for a term of eight months after which the defendant is to be released from any further supervision by the Probation Office.

3. Your Honor also specifically recommended that the defendant receive intensive drug, alcohol and mental health treatment.

4. The defendant readily admits that he suffers from drug and alcohol addiction and could also benefit from mental health treatment and believes he absolutely needs intensive treatment if he is to live a drug and alcohol free lifestyle in the long-term.

5. The defendant filed a motion asking Your Honor to reconsider his sentence on September 20, 2005 in large part because he had not received any drug, alcohol or mental health treatment while incarcerated in the federal system.

6. On October 4, 2005, the government filed a response to defendant's petition in which it averred that the defendant was to designated imminently from the Northeast Ohio Correctional Center to another correctional facility "where he will be in a position to avail himself of any recommended treatment."

7. Despite the government's assertion, the correctional facility that the defendant is presently housed at has virtually no drug, alcohol or mental health treatment available for an inmate sentenced to the amount of time that the defendant is.

8. Thus the defendant has been, and is, completely unable to avail himself of the intensive treatment his probation officer, Wendy Brown, recommended at his revocation hearing, and the treatment Your Honor rightly recognized he needed and intended he receive.

9. The above is contrasted with the fact that after the defendant's latest violation of the terms of his supervised release but before this Court's revocation hearing, the defendant was admitted to Gateway Rehabilitation Center's Inpatient Treatment Program from July 8, 2005 to July 21, 2005 as evidenced by Defense Exhibit "A".

10. The defendant was then admitted into the Gateway Allegheny Valley Partial Hospitalization Program on July 26, 2005, which was scheduled to run 4 to 6 weeks from 9:00 a.m. until 3:30 p.m. Monday through Friday and consist of individual therapy, psycho-education regarding addiction, participation at AA/NA meetings and random urine screens while living at the Renewal Center as evidenced by Defense Exhibit "B".

11. The defendant recognizes that he needs continued treatment and wants very much to receive that treatment which would be in his and his family's long-term best interest (see Defense Exhibits "C" and "D", letters from the defendant and his fiancée).

12. The defendant is *not* asking to be released but rather to be housed at the Renewal Center in Pittsburgh, Pennsylvania where he can finish the rest of his sentence while receiving the intensive treatment Your Honor recommended and he desperately needs.

WHEREFORE, the defendant respectfully requests that this Honorable Court modify its sentence of August 8, 2005 and order the transfer of the remainder of the defendant's sentence to the Renewal Center in Pittsburgh, Pennsylvania and furthermore allow the defendant to return to the Gateway Allegheny Valley Hospitalization Program or another program similar thereto and continue receiving the drug, alcohol and mental health treatment that this Court recommended in its Order of August 8, 2005 which is ultimately in the defendant's and his family's long-term best interest.

Respectfully submitted,

Leonard J. Berger Jr., Esq.
Attorney for Defendant

PA ID # 81822

1800 Lawyers Building
428 Forbes Avenue
Pittsburgh, PA 15219
(412) 281-1925



**Aliquippa**

July 21, 2005

RE: VINCENT CARSON
SS#: 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

To Whom It May Concern:

Mr. Vincent Carson was admitted to Gateway Rehabilitation Center's Inpatient Treatment Program from July 8, 2005 to July 21, 2005. On July 22, 2005, he will begin the Partial Program at Gateway Squirrel Hill.

Sincerely,

Colette McNickle
Colette McNickle, M.A.
Therapist

Defense Exhibit "A"

---

**Gateway Aliquippa**
Moffett Run Road
Aliquippa, PA 15001
(412) 766-8700
FAX (724) 375-8815

Gateway Aliquippa is a service of Gateway Rehabilitation Center
Moffett Run Road • Aliquippa, PA 15001 • (412) 766-8700 • Fax (724) 375-8815
www.gatewayrehab.org

Kenneth S. Ramsey, Ph.D.
President and Chief Executive Officer

Abraham J. Twerski, M.D.
Founder and Medical Director Emeritus



### Allegheny Valley

August 4, 2005

Mr. Vincent Carson
14 W. Woodland Road
Pittsburgh, PA 15232

RE: Vincent Carson
DOB: 8-15-74

Dear Vincent:

This letter is to confirm that you were admitted into the Gateway Allegheny Valley Partial Hospitalization Program on July 26, 2005. This program meets Monday through Friday from 9:00 a.m. until 3:30 p.m., and runs approximately four to six weeks in length. The program consists of group and individual therapy, psychoeducation regarding addiction, participation at AA/NA support group meetings and random urine screens.

If you have any questions regarding this matter, please feel free to contact me at 412-963-7077.

Sincerely,

*Carol Moran, MA* DH

Carol Moran, MA
Therapist

Cc: patient chart
CM/dh

Defense Exhibit "B"

---

**Gateway Allegheny Valley**
1360 Old Freeport Road • Suite 3B
Pittsburgh, PA 15238
(412) 963-7077
FAX (412) 963-7083

Gateway Allegheny Valley is a service of Gateway Rehabilitation Center
Moffett Run Road • Aliquippa, PA 15001 • (724) 378-4461 • Fax (724) 375-8815
www.gatewayrehab.org

Kenneth S. Ramsey, Ph.D.
President and Chief Executive Officer

Abraham J. Twerski, M.D.
Founder and Medical Director Emeritus

# VINCENT W. CARSON III

December 16, 2005

**Honorable Judge Terrence McVerry**
Federal Courthouse
Pittsburgh, Pennsylvania

Honorable Judge McVerry,

I would like to thank you for your kindness and attention to my situation. I have been mentally, physically, and emotionally a disaster for a very long time now. I think that your intervention is the only thing that saved me from imminent disaster of one type or another. I was addicted to the prescription drug Xanax. It suppressed my emotions, leading me to do things that I would not normally have done. Xanax is a very strong tranquilizer. I began to balance this out with cocaine. I no longer had morals after years of abusing this chemical cocktail that I had become powerless to. I would like you to know that it was not out of disrespect that I violated my house arrest. I sincerely appreciated the opportunity that was given to me. Unfortunately, I was under the naïve impression that I could change this destructive life pattern on my own. I hoped that the responsibilities of fatherhood, combined with the fact that I was moving back home to have my family's support, would be enough.

My desire to get well has been growing increasingly strong with time and age. I can no longer stand to see the pain that I have caused to those around me. In the beginning of my house arrest sentence I thought I was doing well. I was getting the Xanax from a doctor instead of on the street, and was taking smaller amounts. I was no longer using cocaine. However I failed to get into an appropriate program.

On June 19, 2005 my grandmother, Anne Hanna, passed away quickly and unexpectedly. Aside from my pregnant fiancée, my grandmother was my closest friend and confidant. My fiancée was incarcerated at the time for a DUI, therefore, she could not be there for me. Immediately I turned back to cocaine. Although my family is very close I felt incredibly alone. Despite thousands of people being at the funeral home I remember none of them. It seemed to all go by in a blur due to my relapse. Unfortunately, during the course of this downward spiral I offended someone who called the probation office. The reason this was unfortunate is not because it ultimately led to my present situation. The reason this was and still is unfortunate is because they greatly exaggerated my behavior. I was not out running around in bars. I was sitting at my mother's house getting high to kill the pain.

On June 27, I told the house arrest officer what I had been doing. It had been eight days and I desperately wanted help—finally admitting that I could not overcome this disease without the appropriate help. My probation officer and my mother took me to Shadyside Hospital, then to Western Psychiatric for evaluation. They were afraid I might hurt myself do to my uncontrollable bouts of crying. I stayed there for a week. It was then advised to go to a program. The first available place was the Living Sober Program so I went there immediately. Shortly after my arrival there I found that there was space for me at Gateways' inpatient program. I went there and graduated from their full hospitalization program. I followed their recommendation and begun their forty hour a week partial hospitalization program, while living at the Renewal Center. I was doing better than I can recall in quite a long time. My daughter had been born. I missed the birth because at that time I was in inpatient treatment, however it was still the best day of my life. I don't want to miss any more of her life. It's not fair to my fiancée and especially not to my child.

Defense Exhibit "C"

When I was at the Renewal Center I was on the proper medications, getting intensive drug treatment, and attending nightly NA or AA meetings with my child and future wife. I cannot receive my medications where I currently am. I am ineligible for the drug programs that are available to me due to the fact that my sentence is not as long as the drug programs at this facility. I need proper medication, structure, and help in the present to be a success upon my release. I wish to make my family proud. I have done a large amount of reading and now have a newfound interest in returning to college. My fiancée and baby are suffering terribly, not only because I am not there, my family has also distanced myself from them due to a rumor that Helena is not mine. Helena is my child, legally and otherwise. Until I can get home to have a paternity test performed I cannot clear up this horrible matter. Helena's mother is on house arrest (DUI) and I am desperately needed at home. Additionally, because of my Cortney's legal situation she cannot even bring the baby to see me. My grandfather, Howard Hanna Sr., is in increasingly poor health due to the recent death of his wife followed by my subsequent relapse and incarceration. I have learned so many valuable lessons from this. I have nothing but the utmost respect for you. I am hoping that you will help me to help myself, and make the most of the time I have left.

Sincerely,

*[signature]*

Vincent W. Carson III

*Ms. Courtney Weaver*

December 16, 2005

The Honorable Judge Terrence F. McVerry
United States Post Office and Courthouse
700 Grant Street 15219
Pittsburgh, Pennsylvania

Dear Sir,

*I will try to keep this concise and to the point. I know that you are a very busy man. I am grateful to have your time and consideration in this matter. I feel that this may be the last chance for my family. I am respectfully asking for your assistance in this most urgent matter.*

*For reasons unknown to myself, the District Attorney is under the impression that Helena Anne Carson is not the legal child of Vincent Carson. Helena is his child in every way, and it is for this reason that I am so desperate to see that Vincent turns his life around and becomes the man and father this beautiful baby girl deserves. She deserves an emotionally and mentally healthy father, an educated role model. This chance is slipping away.*

*Vincent is not eligible to get counseling or drug treatment. Unfortunately, by the time he was transferred, his sentence was too short for involvement in any type of drug treatment at that facility. Additionally, it is imperative that he be on the proper medications. After speaking with the institution's psychiatrist, who also agreed that Vincent needed to stay on his medications, we were informed that the jail does not even carry them. I believe that Vincent is extremely sincere in his desire to recover and be not only a productive member of society but an invaluable, positive part of his daughters' upbringing. Without intervention, Vincent will be a completely free man when he walks out of FCI Cumberland in early April. He will not be under supervision of any kind. He will not be on medication of any kind.*

Defense Exhibit "D"

*Worst of all, when Vincent is released he will not have gained any of the skills, tools, and education that he so desperately needs to overcome this powerful addiction.*

*For the sake of our child it is imperative that something be done. Please help us Sir. I trust that you are most knowledgeable when it comes to matters of addiction. If it is your opinion that the best thing for his ultimate recovery is to do the rest of his time where he is, then I will be comforted to know that you gave it your consideration and that is what you really feel is best. This decision will probably impact my daughters' life more than anything ever will, and I respect that it is in the proper hands. Once again, I greatly appreciate you taking the time to read this letter and consider my situation.*

*I am under extreme hardship with Vincent being away. He is the only support system that I have. I was raised in foster homes. My biological mother is dead and my biological father is unknown. I am not telling you this to make you feel bad for me. I simply want you to understand the situation. Because of poor choices I made in the past, I am currently without a license. Vincent is needed badly as the head of the household and co-parent to this child.*

*Respectfully,*

*Cortney J. Weaver*
Cortney J. Weaver